# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VAMSIDHAR VURIMINDI,** : | |
| Plaintiff, : | |
| : | |
| v. : | No. 2:20-cv-5368 |
| : | |
| **JUDGE DIANA L. ANHALT,** *et al.*, : | |
| Defendants. : | |

## O P I N I O N

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　**November 2, 2020**
**United States District Judge**

Plaintiff Vamsidhar Vurimindi, a former Pennsylvania prison inmate now in the custody of federal immigration officials awaiting deportation, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations that the named Defendants, Judges Diana L. Anhalt, Idee Fox and Leon Tucker of the Philadelphia Court of Common Pleas (collectively "the Judicial Defendants"), Philadelphia District Attorney Lawrence Krasner, and Vurimindi's court-appointed attorney Lawrence O'Connor, violated his constitutional rights by prohibiting him from appearing *pro se* during his ongoing proceedings under the Pennsylvania Post Conviction Relief Act (PCRA). Vurimindi also seeks to proceed *in forma pauperis*. For the following reasons, the Court grants Vurimindi leave to proceed *in forma pauperis* and dismisses the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.　　FACTUAL ALLEGATIONS

Defendant O'Connor serves as Vurimindi's court-appointed attorney in a PCRA petition filed after Vurimindi's conviction by way of guilty plea on charges of stalking and disorderly conduct. *See* Compl. 3, ECF No. 2; *see also Commonwealth v. Vurimindi*, CP-51-CR-8022-2012

(C.P. Phila.). Defendant Anhalt is the judge assigned to the case. *Commonwealth v. Vurimindi*, CP-51-CR-8022-2012. Vurimindi asserts he is factually innocent of the charges to which he entered guilty pleas and is entitled to relief under the PCRA due to alleged ineffective assistance of trial counsel and other claims. *See* Compl. ¶¶ 14-15. He asserts that Judge Anhalt will not permit him to proceed *pro se* and refuses to permit him to exercise his right of allocution. *See id.* at ¶ 24. He also alleges Judge Anhalt is denying him a fair and impartial tribunal. *See id.* at ¶ 27. According to Vurimindi, Attorney O'Connor was appointed on November 25, 2019 to represent him after he filed a *pro se* PCRA petition, but he was not informed of the appointment until February 10, 2020. *See id.* at ¶ 29. O'Connor has allegedly failed to follow Vurimindi's instructions on how to prosecute the PCRA petition. *See id.* at ¶¶ 31-32. Vurimindi tried to contact the Judicial Defendants but they did not help him. *See id.* at ¶ 33.

Because of continued disagreement with how his PCRA petition should proceed, Vurimindi filed a *pro se* motion to remove O'Connor as his attorney. *See id.* at ¶ 40. He again asked Judge Anhalt for permission to proceed *pro se* on September 14, 2020. *See id.* at ¶ 43. He alleges that O'Connor has been ineffective in his representation, and Vurimindi has the right to self-representation that has been denied by Judge Anhalt. *See id.* at ¶¶ 46-47. He alleges he will suffer irreparable harm should Judge Anhalt rule on the version of his PCRA petition that was filed by O'Connor, rather than his *pro se* petition. *See id.* at ¶ 48. Vurimindi notified the Judicial Defendants and Krasner that he would suffer irreparable harm, but they have ignored him. *See id.* at ¶ 51. Vurimindi seeks declaratory relief that all Defendants' actions are illegal and unconstitutional, an injunction preventing Defendants from interfering in his right to proceed *pro se* on his PCRA petition or deciding his petition while he is represented by O'Connor, and an

order directing the Judicial Defendants to remove O'Connor and provide Vurimindi with discovery material. *See id.* at 35-37.

A review of public records confirms that, following a period of delay to assess Vurimindi's competency, he entered guilty pleas to charges of stalking and disorderly conduct on April 25, 2014 and was sentenced by Judge Anhalt to a term of incarceration of 15-30 months. *Commonwealth v. Vurimindi*, CP-51-CR-8022-2012. Thereafter, he filed numerous *pro se* motions for a new trial, for the recusal of Judge Anhalt, to proceed *pro se* on appeal, and for other relief. *See id.* On August 29, 2017 Judge Anhalt held a *Grazier* hearing at which Vurimindi was permitted to proceed *pro se*. Vurimindi's judgment of sentence was affirmed on appeal on December 14, 2018. *See id.*

Vurimindi was released from incarceration but apparently violated his parole and a *Gagnon II* proceeding was instituted by the Philadelphia Adult Probation Unit on October 18, 2018. Vurimindi filed a *pro se* PCRA petition on December 18, 2019. O'Connor was appointed and filed an amended PCRA petition on June 11, 2020. The PCRA petition remains pending.

## II.     STANDARD OF REVIEW

The Court grants Vurimindi leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

---

[1]     Vurimindi asserts he is currently in federal custody on an immigration detainer awaiting deportation. A review of Philadelphia and Pennsylvania inmate locators indicates he is no longer in state custody. The financial provisions of the Prison Litigation Reform Act do not apply to Vurimindi since, as an immigration detainee, he is not considered a "prisoner." *See* 28 U.S.C. § 1915(h); *see also Brown v. Hoover*, Civ. A. No. 20-998, 2020 WL 4903835, at *4 (M.D. Pa. Aug. 20, 2020) ("Notably absent from this definition of a "prisoner" is any reference to immigration detainees, a fact which suggests that ICE detainees do not qualify as "prisoners" under § 1915(h) and, are not subject to the procedures for payment of filing fees mandated for prisoners 28 U.S.C. § 1915 (b)(1).").

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *See id.*  As Vurimindi is proceeding *pro se*, the Court construes his allegations liberally.  *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

As Vurimindi's PCRA petition is pending, the Court must abstain from deciding his claims.  Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). "*Younger* abstention is only appropriate in three types of underlying state cases:  (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, No. 19-2968, 2020 WL 6192954, at *6 (3d Cir. Oct. 22, 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of*

*Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (citing *Younger*, 401 U.S. at 44).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.  *See id.*  The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief."  *Younger*, 401 U.S. at 46, 53-54.  The exceptions are to be narrowly construed.  *Hall v. Pennsylvania*, Civ. A. No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. Nov. 29, 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

Additionally, the United States Court of Appeals for the Third Circuit has held that *Younger* abstention is warranted when a criminal defendant is pursuing post-conviction relief.  *See Peay v. Massiah-Jackson*, 133 F. App'x 31 (3d Cir. 2005).  Directly on point, the Court in *Peay* stated, "[t]o the extent that [ ] [Appellant] sought an injunction to force the PCRA courts to allow him to proceed *pro se* or to bar a pending state criminal proceeding, *Younger* and its progeny barred such relief."  *Id.* at 32-33 (citing *Younger*, 401 U.S. at 43-49); *see also Ridge v. Campbell*, 984 F. Supp. 2d 364 (M.D. Pa. 2013) (holding that *Younger* abstention was warranted where petition for post-conviction relief was pending in state court and requested relief would interfere with those proceedings).

The *Younger* requirements are clearly met in this case.  First, Vurimindi's PCRA petition is still pending.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws.  Third, the PCRA proceedings provide Vurimindi an adequate opportunity to argue in the state forum that he should be permitted to proceed as an unrepresented litigant.  Indeed, he has already been granted this relief in an earlier phase of his criminal case.  This Court may assume that the state procedures will afford him an adequate remedy.  *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").  Further, there is nothing in the Complaint to indicate that Vurimindi falls within any of the narrow exceptions to the *Younger* doctrine.

As Vurimindi asks this Court to direct the state court to permit him to proceed *pro se* and to provide him with discovery, his requested remedies will interfere with pending state proceedings.  *See Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994) ("A federal court will only consider *Younger* abstention when the requested relief would constitute federal interference in state judicial or quasi-judicial proceedings." (citing *Middlesex*, 457 U.S. at 431; *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 599–600 (1975))).  Accordingly, it is appropriate to abstain from entertaining the Complaint out of deference to the state judicial process.  *Accord Peay*, 133 F. App'x. 31; *Ridge*, 984 F. Supp. 2d 364; *see also Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. July 20, 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there." (citing *Younger*, 401 U.S. at 43-54)).

An Order dismissing this case without prejudice follows. *See Eldakroury v. Att'y Gen. of N.J.*, 601 F. App'x 156, 158 (3d Cir. 2015) (per curiam) (explaining that non-merit based dismissals, such as a dismissal pursuant to *Younger* must be without prejudice).

                **BY THE COURT:**


                */s/ Joseph F. Leeson, Jr.*
                **JOSEPH F. LEESON, JR.**
                **United States District Judge**